NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAMEON JAMES SMITH, *Appellant.*

No. 1 CA-CR 18-0393
FILED 3-5-2019

Appeal from the Superior Court in Maricopa County
No. CR2015-147672-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

KBunited, LLC, Phoenix
By Kerrie M. Droban
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1        Dameon James Smith appeals his conviction for one count of possession or use of dangerous drugs, a class 4 felony, and the resulting sentence. Smith's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Smith was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Smith's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        On March 26, 2015, several police officers were around Alma School Road and Main Street in Mesa. An officer saw Smith and recognized him as having an outstanding warrant. Four officers approached Smith and ordered him to put his hands in the air. Smith refused the officers' commands and was tasered twice, causing him to fall. Smith was then arrested. After the arrest, an officer searched Smith and found a digital scale and a clear bag containing a white crystal-like substance which the officer recognized as methamphetamine. Smith also identified the substance as methamphetamine and told the officer he possessed the scale to avoid getting "ripped off" when buying drugs.

¶3        The State charged Smith with one count each of possession or use of dangerous drugs, a class 4 felony, ("Count One") and possession of drug paraphernalia, a class 6 felony ("Count Two"). Based on the officers' use of force against Smith, he moved to suppress the statements he made following his arrest and requested a voluntariness hearing. He also separately moved to suppress the evidence obtained from the search.

¶4        The superior court held an evidentiary hearing on the motion to suppress the evidence and denied the motion. The motion to suppress

Smith's statements was not a subject of the evidentiary hearing, and the court did not rule on the motion. The court permitted the arresting officer to testify about Smith's statements about the drugs and the scale and thus implicitly denied the motion to suppress the statements. *See State v. Paris-Sheldon*, 214 Ariz. 500, 507, ¶ 22 (App. 2007) (superior court implicitly denied the defendant's motion to dismiss by allowing the trial to proceed). We also note Smith failed to object to the officer's testimony and has therefore waived the issue on appeal absent fundamental error. *See State v. Hughes*, 193 Ariz. 72, 85, ¶ 58 (1998). Moreover, the record does not support a finding that Smith was prejudiced by the superior court allowing the officer to testify to Smith's statements. *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) (to prevail under fundamental error review the defendant must show prejudice).

**¶5**        A one-day jury trial was held. In addition to the arresting officer's testimony, a City of Mesa forensic scientist testified that laboratory test results confirmed the substance taken from Smith after his arrest was 1.5 grams of methamphetamine. Smith moved for acquittal after the State's presentation of evidence, and the superior court denied the motion.

**¶6**        Smith did not present any evidence or testimony. The jury convicted Smith on Count One and acquitted him on Count Two. The State alleged as an aggravating circumstance that Smith committed the charged offenses while on community supervision, but the jury was unable to reach a unanimous verdict. At sentencing, the superior court found Smith had at least two prior historical felony convictions and sentenced him to term of nine years imprisonment with 799 days' presentence incarceration credit. Smith timely appealed.

**DISCUSSION**

**¶7**        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶8**        Smith was present for jury selection but was not present for the remainder of the trial or the aggravation phase. He was previously warned the trial would proceed without him, and the court found he voluntarily absented himself from trial. Smith was otherwise present or represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Smith all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate

pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Smith's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶9** Smith's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations about Smith's representation in this appeal will end after informing Smith of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA